**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Northern__ District of __Georgia__
(State)

Case number (*If known*): _____ Chapter __11__

☐ Check if this is an amended filing

---

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | OTB Acquisition of New Jersey LLC |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names, and *doing business as* names | N/A |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 2 7 – 2 2 F F Í € Î |

| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|---|---|
| | | 2201 W. Royal Lane <br> Number         Street | _____ <br> Number         Street |
| | | _____ | P.O. Box |
| | | Irving         Texas   75063 <br> City             State   ZIP Code | _____ <br> City             State   ZIP Code |
| | | Dallas <br> County | **Location of principal assets, if different from principal place of business** <br> _____ <br> Number    Street <br> _____ <br> _____ <br> City           State   ZIP Code |

| 5. | **Debtor's website** (URL) | https://www.ontheborder.com/ |

---

Official Form 201                Voluntary Petition for Non-Individuals Filing for Bankruptcy                page 1

Debtor  OTB Acquisition of New Jersey LLC                             Case number (*if known*)_____
                Name

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |
| 7. | **Describe debtor's business** | A. *Check one:*<br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. § 101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>☑ None of the above<br><br>B. *Check all that apply:*<br>☐ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br>  7  2  2  1 |
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:*<br>☐ Chapter 7<br>☐ Chapter 9<br>☑ Chapter 11. *Check all that apply*:<br>    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).<br>    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.<br>    ☐ A plan is being filed with this petition.<br>    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>☐ Chapter 12 |
| 9. | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**<br>If more than 2 cases, attach a separate list. | ☑ No<br>☐ Yes.  District _____  When _____  Case number _____<br>                                                         MM / DD / YYYY<br>           District _____  When _____  Case number _____<br>                                                         MM / DD / YYYY |

Official Form 201                 Voluntary Petition for Non-Individuals Filing for Bankruptcy                 page **2**

Debtor  __OTB Acquisition of New Jersey LLC__                     Case number (*if known*)_____
          Name

| | | |
|---|---|---|
| **10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** List all cases. If more than 1, attach a separate list. | ☐ No<br>☑ Yes.  Debtor __See Schedule 1__      Relationship _____<br>District _____    When _____<br>                                                    MM / DD / YYYY<br>Case number, if known _____ | |

**11.** **Why is the case filed in *this district*?**

Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                              Number      Street
_____
_____    _____ _____
City                                          State  ZIP Code

**Is the property insured?**
☐ No
☐ Yes. Insurance agency _____
       Contact name _____
       Phone _____

---

### Statistical and administrative information

**13.** **Debtor's estimation of available funds**

Check one:
☑ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14.** **Estimated number of creditors**

☐ 1-49         ☐ 1,000-5,000      ☐ 25,001-50,000
☐ 50-99        ☐ 5,001-10,000     ☐ 50,001-100,000
☐ 100-199      ☑ 10,001-25,000    ☐ More than 100,000
☐ 200-999

Debtor __OTB Acquisition of New Jersey LLC__   Case number (if known)_____
       Name

| 15. Estimated assets | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☑ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
|---|---|---|---|
| 16. Estimated liabilities | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☑ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03/04/2025
            MM / DD / YYYY

X _____     Jonathan Tibus
Signature of authorized representative of debtor    Printed name

Title  Chief Restructuring Officer

**18. Signature of attorney**

X _____    Date  03/04/2025
Signature of attorney for debtor             MM / DD / YYYY

Jeffrey R. Dutson
Printed name

King & Spalding LLP
Firm name

1180 Peachtree Street, NE
Number     Street

Atlanta                                        GA            30309
City                                           State         ZIP Code

(470) 572-4600                                 jdutson@kslaw.com
Contact phone                                  Email address

637106                                         Georgia
Bar number                                     State

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page 4

**SCHEDULE 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

The following list identifies all of the affiliated entities, including the Debtor filing this petition (collectively, the "Debtors"), that filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, contemporaneously with the filing of this petition. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of OTB Holding LLC.

- OTB Holding LLC
- OTB Acquisition LLC
- OTB Acquisition of New Jersey LLC
- OTB Acquisition of Howard County LLC
- Mt. Laurel Restaurant Operations LLC
- OTB Acquisition of Kansas LLC
- OTB Acquisition of Baltimore County, LLC

**OMNIBUS WRITTEN CONSENT
OF
THE SOLE MANAGER
OF
OTB HOLDING LLC
OTB ACQUISITION LLC
OTB ACQUISITION OF HOWARD COUNTY LLC
OTB ACQUISITION OF BALTIMORE COUNTY, LLC
AND
THE SOLE MANAGING MEMBER
OF
OTB ACQUISITION OF NEW JERSEY LLC
MT. LAUREL RESTAURANT OPERATIONS LLC
OTB ACQUISITION OF KANSAS LLC**

The undersigned, being the sole manager or sole managing member (together, the "Managers"), as applicable, of each of OTB Holding LLC, a Delaware limited liability company (the "OTB Holding"), OTB Acquisition LLC, a Delaware limited liability company ("OTB Acquisition"), OTB Acquisition of New Jersey LLC, a New Jersey limited liability company ("OTB New Jersey"), OTB Acquisition of Howard County LLC, a Maryland limited liability company ("OTB Howard County"), Mt. Laurel Restaurant Operations LLC, a New Jersey limited liability company ("Mt. Laurel"), OTB Acquisition of Kansas LLC, a Kansas limited liability company ("OTB Kansas"), and OTB Acquisition of Baltimore County, LLC, a Maryland limited liability company ("OTB Baltimore County," and together with OTB Holding, OTB Acquisition, OTB New Jersey, OTB Howard County, Mt. Laurel and OTB Kansas, the "Companies" and each a "Company"), hereby adopt the following resolutions as the actions of the Manager of each Company, and directs that this omnibus action by written consent be filed with the minutes and proceeds of the Managers of the Companies;

**WHEREAS**, Managers have reviewed and considered the operational condition of the Companies and the business of the Companies on the date hereof, including the historical performance of the Companies, the assets of the Companies, the current and long-term liabilities of the Companies, the liquidity of the Companies, the strategic alternatives available to the Companies, and the impact of the foregoing on the business, creditors and other parties in interest of the Companies;

**WHEREAS**, the Managers have received, reviewed and considered recommendations of the Companies' legal and financial advisors as to the relative risks and benefits of seeking relief under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 et seq., the "Bankruptcy Code"), and the Managers have had an opportunity to consult with the legal and financial advisors of the Companies and has considered each of the strategic alternatives available to the Companies;

**WHEREAS**, in the business judgment of Managers, it is in the best interests of the Companies, their equityholders, their creditors, and other parties in interest for each of the Companies file a voluntary petition seeking relief pursuant to chapter 11 of the Bankruptcy Code (the cases commenced by such voluntary petitions being the "Chapter 11 Cases") in a court of proper jurisdiction (the "Bankruptcy Court");

1

**WHEREAS**, the Managers have reviewed and considered that certain Secured Superpriority Debtor-In-Possession Credit Agreement (the "Postpetition Credit Agreement") by and among the Companies and OTB Lender, LLC, as lender (the "Lender"), pursuant to which the Lender shall provide post-petition secured financing to the Companies; and

**WHEREAS**, after considering the recommendations of each of the Companies' advisors supporting the entry into the Postpetition Credit Agreement under the facts and circumstances facing each Company, the Managers have deemed it advisable and in the best interests of the Companies and their stakeholders to adopt and approve the Postpetition Credit Agreement and to consummate the transactions contemplated thereby.

**NOW, THEREFORE, BE IT RESOLVED**, that any officer of each Company (each such Persons, an "Authorized Officer" and together, the "Authorized Officers"), acting alone or with one or more other Authorized Officers, is hereby authorized and empowered on behalf of, and in the name of, the Companies to execute and verify or certify a petition under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court at such time as any such Authorized Officer executing the same shall determine and in such form or forms as any such Authorized Officer may approve;

**FURTHER RESOLVED**, that the law firm of King & Spalding LLP with its principal office currently located at 1180 Peachtree Street, N.E., Atlanta, Georgia 30309, be, and hereby is, employed as counsel for the Companies in connection with the prosecution of the Companies' cases under chapter 11 of the Bankruptcy Code;

**FURTHER RESOLVED**, that the advisory firm of Alvarez & Marsal North America, LLC with its office currently located at Monarch Tower, 3424 Peachtree Road NE, Suite 1500, Atlanta, GA 30326, be, and hereby is, employed to provide a chief restructuring officer and other restructuring personnel for the Companies in connection with the prosecution of the Companies' cases under chapter 11 of the Bankruptcy Code;

**FURTHER RESOLVED**, that the investment bank of Hilco Corporate Finance, LLC with its principal office currently located at 5 Revere Drive, Suite 206, Northbrook, Illinois 60062, be, and hereby is, employed as lead investment banker for the Companies in connection with the prosecution of the Companies' cases under chapter 11 of the Bankruptcy Code;

**FURTHER RESOLVED**, that Kurtzman Carson Consultants, LLC d/b/a Verita Global, with its principal office currently located at 222 N. Pacific Coast Highway, 3rd Floor, El Segundo, CA 90245, be, and hereby is, employed as claims and noticing agent for the Companies in connection with the prosecution of the Companies' cases under chapter 11 of the Bankruptcy Code;

**FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized to prepare (or cause to be prepared), execute and file (or cause to be filed) any and all petitions, schedules, motions, lists, applications, pleadings, and other papers, to take any and all such other and further actions which any Authorized Officer or the Companies' legal counsel may deem necessary, desirable or appropriate in connection with filing the voluntary petition for relief under chapter 11 of the Bankruptcy Code, including, but not limited to, motions to obtain the use of cash collateral and to incur debtor-in-possession financing, and, upon authorization by the Managers as appropriate, to take and perform any and all further acts and

deeds which they deem necessary, proper or desirable in connection with the chapter 11 case, with a view to the successful prosecution of such case;

**FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized to cause the Companies, and the Companies are hereby authorized, to incur postpetition secured indebtedness in an amount determined to be necessary or advisable by any of such Authorized Officers to guaranty the obligations of the Companies in respect of such indebtedness, and to grant security interests and priming liens in favor of the Lender in any and all assets and properties of the Companies pursuant to one or more security agreements to secure such indebtedness, and each such Authorized Officer is hereby authorized to negotiate, execute and deliver the Postpetition Credit Agreement, such guaranties and security agreements, and the Companies are authorized to perform all of their obligations and agreements thereunder (including the repayment of any amount owing thereunder) and to consummate the transactions contemplated thereby, and each such Authorized Officer is hereby authorized to negotiate, make, sign, execute, acknowledge, deliver and perform any and all such other instruments and agreements which he or she deems necessary, proper or desirable in connection therewith, pursuant to which substantially all of the assets of the Companies will be pledged to the Lender as collateral under the Postpetition Credit Agreement, in each case, in such forms and with such changes, modifications or additions thereto as the executing Authorized Officer shall approve in his or her sole discretion (such approval to be conclusively evidenced by the execution of the Postpetition Credit Agreement and such other instruments and agreements);

**FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized, directed and empowered, on behalf of and in the name of the Companies, to execute appropriate retention agreements, pay appropriate retainers prior to and promptly following the filing of the Companies' cases under chapter 11 of the Bankruptcy Code, and cause to be filed an appropriate application for authority to retain the services of (i) King & Spalding, LLP as counsel, (ii) Alvarez & Marsal North America, LLC to provide a chief restructuring officer and other personnel, (iii) Kurtzman Carson Consultants, LLC d/b/a Verita Global as claims and noticing agent and (iv) Hilco Corporate Finance, LLC as lead investment bank in connection with its cases under chapter 11 of the Bankruptcy;

**FURTHER RESOLVED**, that the Authorized Officers of the Companies be, and each of them hereby is, authorized and directed on behalf of the Companies to take such actions and to make, sign, execute, acknowledge, deliver and perform (and record in a relevant office of the county clerk, if necessary) any and all such agreements, affidavits, orders, directions, certificates, requests, receipts, financing statements or other instruments, as may be necessary, desirable, or appropriate in the reasonable discretion of any such Authorized Officer to give effect to the foregoing resolutions, and to execute and deliver such agreements (including exhibits thereto) and related documents, and to perform fully the terms and provisions thereof;

**FURTHER RESOLVED**, that the Companies be, and hereby are, authorized to pay all fees and expenses incurred by it or for its account in connection with the actions approved in any or all of the foregoing resolutions, and all actions related thereto, and each Authorized Officer be, and each of them hereby is, authorized, empowered and directed to cause the Companies to make said payments as each such Authorized Officer may deem necessary, appropriate, advisable or desirable, such payment to constitute conclusive evidence of such Authorized Officer's

3

determination and approval of the necessity, appropriateness, advisability or desirability thereof; and

**FURTHER RESOLVED**, that to the extent that any of the actions authorized by any of the foregoing resolutions have been taken previously by any Authorized Officers or employees of the Companies on their behalf, such actions are hereby ratified, approved and confirmed in their entirety; and

**FURTHER RESOLVED**, that this omnibus action by written consent may be executed and delivered by electronic transmission with the same effect as delivery of an original.

[*Signature page follows*]

IN WITNESS WHEREOF, the undersigned has executed this action by written consent as of this 4th day of March, 2025.

**BORDER HOLDINGS LLC,** in its capacity as sole manager of OTB Holdings LLC

By: _____
Name: Karl F. Jaeger
Title: Vice President

**OTB HOLDING LLC,** in its capacity as sole manager of OTB Acquisition LLC

By: _____
Name: Karl F. Jaeger
Title: Vice President

**OTB ACQUISITION LLC**, in its capacity as (i) sole manager of OTB Acquisition of Howard County LLC and OTB Acquisition of Baltimore County, LLC, and (ii) managing member of OTB Acquisition of New Jersey LLC, Mt. Laurel Restaurant Operations LLC and OTB Acquisition of Kansas LLC

By: _____
Name: Karl F. Jaeger
Title: Vice President

[*Signature Page to Resolutions*]

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OTB ACQUISITION OF NEW JERSEY LLC, | ) | Case No. 25-_____ (___) |
| | ) | |
| Debtor. | ) | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for OTB Acquisition of New Jersey LLC in the above-captioned action certifies that the following is a corporation, other than the debtor or a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's equity interests:

| Shareholder | Percentage of Shares Held |
|---|---|
| OTB Acquisition LLC | 100% |

|  |  |
|---|---|
| Date: March 4, 2025<br>Atlanta, Georgia | Respectfully submitted,<br><br>KING & SPALDING LLP<br><br>*/s/ Jeffrey R. Dutson*<br>Jeffrey R. Dutson<br>Georgia Bar No. 637106<br>Brooke L. Bean<br>Georgia Bar No. 764552<br>Kyung Won Song<br>Georgia Bar No. 692753<br>**KING & SPALDING LLP**<br>1180 Peachtree Street NE<br>Atlanta, Georgia 30309<br>Telephone: (404) 572-4600<br>Email: jdutson@kslaw.com<br>Email: bbean@kslaw.com<br>Email: asong@kslaw.com<br><br>*Proposed Counsel for the Debtors in Possession* |

2

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OTB ACQUISITION OF NEW JERSEY LLC, | ) | Case No. 25-_____ (___) |
| | ) | |
| Debtor. | ) | |

**LIST OF EQUITY SECURITY HOLDERS**

Pursuant to Rule 1007(a)(3), the undersigned, the Chief Restructuring Officer of the above-captioned debtor (the "Debtor"), certifies that the following is a list of the Debtor's equity security holders.

| Debtor | Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| OTB Acquisition of New Jersey LLC | OTB Acquisition LLC | 2201 W. Royal Lane, Irving, Texas 75063 | 100% |

Date:   March 4, 2025              /s/ Jonathan Tibus
       Atlanta, Georgia             Jonathan Tibus
                                                                         Chief Restructuring Officer

| Fill in this information to identify the case: | |
|---|---|
| Debtor name: OTB Holding LLC | |
| United States Bankruptcy Court for the: Northern District of Georgia | |
| Case number (If known): | ☐ Check if this is an amended filing |

<u>Official Form 204</u>

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | VEREIT, INC. C/O REALTY INCOME<br>11995 EL CAMINO REAL<br>SAN DIEGO, CA 92130<br>UNITED STATES | NEIL ABRAHAM<br>PRESIDENT, REALTY INCOME INTERNATIONAL, EVP, CHIEF STRATEGY OFFICER<br>NABRAHAM@REALTYINCOME.COM<br>877-924-6266 | RENT PAYABLE | | | | $2,925,908 |
| 2 | BAILEY LAUERMAN AND ASSOCIATES INC<br>1299 FARNAM ST STE 920<br>OMAHA, NE 68102<br>UNITED STATES | GREG ANDERSEN<br>CHIEF EXECUTIVE OFFICER<br>GANDERSEN@BAILEYLAUERMAN.COM<br>402-943-6989 | TRADE PAYABLE | | | | $1,662,420 |
| 3 | THE WASSERSTROM CO INC<br>4500 E. BROAD ST.<br>COLUMBUS, OH 43213<br>UNITED STATES | BRAD WASSERSTROM<br>PRESIDENT<br>BRADWASSERSTROM@WASSERSTROM.COM<br>972-989-7938 | TRADE PAYABLE | | | | $776,564 |
| 4 | CINTAS CORPORATION NO 2<br>6800 CINTAS BLVD<br>MASON, OH 45040<br>UNITED STATES | D. BROCK DENTON<br>SENIOR VICE PRESIDENT, SECRETARY AND GENERAL COUNSEL<br>BROCKD@CINTAS.COM<br>800-669-3667 | TRADE PAYABLE | | | | $679,878 |
| 5 | INFINITE AGENCY LLC<br>230 PARK AVENUE<br>15TH FLOOR<br>NEW YORK, NY 10169<br>UNITED STATES | JONATHAN OGLE<br>FOUNDER AND PRINCIPAL<br>JONATHAN@THEINFINITEAGENCY.COM<br>214-561-6250 | TRADE PAYABLE | | | | $626,060 |
| 6 | ECOLAB INC<br>1 ECOLAB PLACE<br>ST. PAUL, MN 55102-2233<br>UNITED STATES | CHRISTOPHE BECK<br>CHAIRMAN AND CEO<br>CHRISTOPHE.BECK@ECOLAB.COM<br>903-335-6311 | TRADE PAYABLE | | | | $395,814 |
| 7 | VESTIS GROUP INC<br>1035 ALPHARETTA STREET<br>SUITE 2100<br>ROSWELL, GA 30075<br>UNITED STATES | KIM SCOTT<br>PRESIDENT AND CEO<br>KIMSCOTT@VESTIS.COM<br>859-422-1760 | TRADE PAYABLE | | | | $353,000 |
| 8 | TEXAS RANGERS<br>734 STADIUM DRIVE<br>ARLINGTON, TX 76011<br>UNITED STATES | JIM COCHRANE<br>EXECUTIVE VICE PRESIDENT & CHIEF BUSINESS OFFICER<br>JIMCOCHRANE@TEXASRANGERS.COM<br>817-533-1972 | TRADE PAYABLE | | | | $335,000 |
| 9 | RPAI TOWSON SQUARE, L.L.C.<br>2021 SPRING RD.<br>SUITE 200<br>OAK BROOK, IL 60523<br>UNITED STATES | JOHN KITE<br>CHAIRMAN AND CEO<br>JKITE@KITEREALTY.COM<br>317-577-5600 | RENT PAYABLE | | | | $271,636 |
| 10 | PLAINFIELD FRUIT AND PRODUCE CO INC<br>6706 RUSHMORE STREET<br>JENISON, MI 49428<br>UNITED STATES | GARY HAMRAH<br>VICE PRESIDENT<br>HAMRAH@PLAINFIELDPRODUCE.COM<br>616-799-3251 | TRADE PAYABLE | | | | $264,063 |
| 11 | G&R MECHANICAL, INC.<br>3220 BERGEY RD<br>HATFIELD, PA 19440<br>UNITED STATES | RANDALL REHBORN<br>CEO<br>RREHBORN@GANDRMECHANICAL.COM<br>215-513-2213 | TRADE PAYABLE | | | | $254,711 |
| 12 | ADT SECURITY SYSTEMS INC<br>PO BOX 382109<br>4860 MIDLAND DR<br>PITTSBURGH, PA 15251-8109<br>UNITED STATES | JIM DEVRIES<br>CEO<br>JDEVRIES@ADT.COM<br>561-988-3600 | TRADE PAYABLE | | | | $235,377 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13 | KRE BROADWAY OWNER LLC<br>34 SOUTH DEAN STREET, SUITE 200<br>ENGLEWOOD, NJ 07631<br>UNITED STATES | KEN SCHUCKMAN<br>LANDLORD CONTACT<br>KEN@SCHUCKMANREALTY.COM<br>516-496-8888 | RENT PAYABLE | | | | $211,061 |
| 14 | SHARK PROPERTIES<br>5109 80TH STREET<br>LUBBOCK, TX 79424<br>UNITED STATES | 806-792-6092<br>LANDLORD CONTACT<br>TKHATER@THEKHATERS.COM<br>TIM KHATER | RENT PAYABLE | | | | $199,482 |
| 15 | MEDRANO FAMILY INTERESTS III LLC<br>4809 WESTWAY PARK BLVD<br>HOUSTON, TX 77041<br>UNITED STATES | MICHAEL MEDRANO<br>LANDLORD CONTACT<br>MJM@MFICOMPANIES.COM<br>713-955-3031 | RENT PAYABLE | | | | $198,204 |
| 16 | ADDISON QUORUM PARTNERS LTD<br>15280 ADDISON ROAD, SUITE 301<br>ADDISON, TX 75001<br>UNITED STATES | COLE SNADON<br>LANDLORD CONTACT<br>CSNADON@BELTWAYCO.COM<br>972-628-3464 | RENT PAYABLE | | | | $175,724 |
| 17 | HILTON DALLAS PLANO GRANITE PARK<br>5805 GRANITE PKWY<br>PLANO, TX 75024-6611<br>UNITED STATES | KATHERINE LUGAR<br>EXECUTIVE VICE PRESIDENT, CORPORATE AFFAIRS<br>KATHERINE.LUGAR@HILTON.COM<br>469-353-5000 | TRADE PAYABLE | | | | $174,679 |
| 18 | DISCOUNTLAND INC.<br>2261 MONACO DR.<br>OXNARD, CA 93035<br>UNITED STATES | BARRY PRESSMAN<br>PRESIDENT<br>805-985-4942 | RENT PAYABLE | | | | $169,778 |
| 19 | WALLEN VENTURES LLC<br>4825 BENTONBROOK DRIVE<br>FAIRFAX, VA 22030<br>UNITED STATES | EDWIN T. WALLEN<br>LANDLORD CONTACT<br>ED.WALLEN@GMAIL.COM<br>202-352-0466 | RENT PAYABLE | | | | $169,134 |
| 20 | 3P FAMILY INVESTMENTS, LLC<br>2261 MONACO DR.<br>OXNARD, CA 93035<br>UNITED STATES | BARRY PRESSMAN<br>LANDLORD CONTACT<br>BARRYPRESSMAN@GMAIL.COM<br>818-903-3566 | RENT PAYABLE | | | | $165,722 |
| 21 | LIBERTY FRUIT CO INC<br>1717 LAURELWOOD DR<br>DENTON, TX 76209<br>UNITED STATES | JOHN MCCLELLAND<br>CEO<br>JMCCLELLAND@LIBERTYFRUIT.COM<br>940-395-9613 | TRADE PAYABLE | | | | $159,030 |
| 22 | NEUBAUER ENTERPRISES, LLC<br>12090 HIDDEN LINKS DRIVE<br>FORT MYERS, FL 33013<br>UNITED STATES | ELLIOTT NEUBAUER<br>LANDLORD CONTACT<br>BURGERONE@AOL.COM<br>260-410-2735 | RENT PAYABLE | | | | $157,786 |
| 23 | AFCO ACCEPTANCE CORP<br>5600 N RIVER RD STE 400<br>ROSEMONT, IL 60018-5187<br>UNITED STATES | MIKE PAPPAS<br>PRESIDENT AND CEO<br>MPAPPAS@AFCO.COM<br>877-701-1212 | TRADE PAYABLE | | | | $156,336 |
| 24 | WESTERN ASSOCIATES INC<br>124 E MAIN<br>MARION, KS 66861<br>UNITED STATES | JIM CROFOOT<br>PRESIDENT<br>JIM@WESTERNASSOCIATES.COM<br>620-382-3742 | TRADE PAYABLE | | | | $156,261 |
| 25 | REGENCY CENTERS CORPORATION<br>ONE INDEPENDENT DRIVE<br>SUITE 114<br>JACKSONVILLE, FL 32202-5019<br>UNITED STATES | LISA PALMER<br>PRESIDENT AND CEO<br>LISAPALMER@REGENCYCENTERS.COM<br>904-598-7000 | RENT PAYABLE | | | | $154,188 |
| 26 | 12383 JAMES STREET LLC<br>2461 SANTA MONICA BLVD #635<br>SANTA MONICA, CA 90404<br>UNITED STATES | DAVID AHDOOT<br>LANDLORD CONTACT<br>AHDOOTMD@YAHOO.COM<br>310-600-1490 | RENT PAYABLE | | | | $153,791 |
| 27 | RAMA IL, LLC<br>16743 BRIDGE HAMPTON CLUB DR<br>FORT MILL, SC 29707<br>UNITED STATES | MOHAN KORRAPATI<br>LANDLORD CONTACT<br>MOHANKORRAPATI@YAHOO.COM<br>704-363-9619 | RENT PAYABLE | | | | $153,402 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 28 | 170 NE 40 STREET, INC. 221 NW 2ND AVE 206 MIAMI, FL 33127 UNITED STATES | STEVEN RHODES LANDLORD CONTACT STEVERHODESMIAMI@GMAIL.COM 305-483-0404 | RENT PAYABLE | | | | $148,815 |
| 29 | SMITH AND HOWARD PC INC 271 17TH ST NW STE 1600 ATLANTA, GA 30363 UNITED STATES | SEAN TAYLOR CEO STAYLOR@SMITH-HOWARD.COM 404-874-6244 | TRADE PAYABLE | | | | $144,603 |
| 30 | BROTHERS PRODUCE INC 3173 PRODUCE ROW HOUSTON, TX 77023 UNITED STATES | MARTIN ERENWERT CFO MARTIN@BROTHERSPRODUCE.COM 713-924-4196 | TRADE PAYABLE | | | | $143,559 |

**Fill in this information to identify the case and this filing:**

Debtor Name __OTB Acquisition of New Jersey LLC__

United States Bankruptcy Court for the: __Northern__    District of __Georgia__
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration __List of Equity Security Holders, Corporate Ownership Statement and List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __03/04/2025__    X _/s/ Jonathan M. Tibus_
MM / DD / YYYY            Signature of individual signing on behalf of debtor

__Jonathan Tibus__
Printed name

__Chief Restructuring Officer__
Position or relationship to debtor

Official Form 202    **Declaration Under Penalty of Perjury for Non-Individual Debtors**